## Hoffner and Farrell *versus* Wynkoop.

1. An illiterate testator, by an ill-spelt and ungrammatical will, devised and bequeathed his real and personal estate to his wife for life, and left several small bequests to such of his children as were living at the date of his will. He did not mention certain of his grandchildren, issue of a deceased son. Testator indicated no residuary legatee or devisee, named no one as heir or next of kin, and made no disposition of property after the life use above mentioned. He directed that certain real estate might be sold, if his wife and children could agree, but made no provision for its disposition, whether converted or not. *Held,* that no intent could be inferred from the will to disinherit any of those who were entitled to the last-mentioned piece of real estate at the death of testator's widow, under the intestate law of the Commonwealth, and that, therefore, the descendants of the above-mentioned son, who had died before testator, were entitled to recover a share in said real estate.

2. Where under the provisions of the Act of February 24th 1834, sect. 15, Pamph. L. 75, a purchaser institutes proceedings in the Orphans' Court to compel specific performance of a decedents' contract of sale of real estate, it is necessary, in order to give full force and effect to the decree entered in such proceedings, that the heirs and devisees of such real estate should be made parties to said proceedings; as to such of them who are not made parties, the decree is of no effect.

January 25th 1881.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county:* Of January Term 1881, No. 62.

This was an action of ejectment by Benjamin J. Wynkoop, H. P. Garibedian and Hannah Matilda, his wife, in her right, and Joseph P. Wynkoop and Kate S. Wynkoop, minor children of George H. Wynkoop, deceased, by their next friend Benjamin J. Wynkoop, against Sarah A. Hoffner and Isaac Farrell, to recover one undivided fifth part of a certain house and tract of land in that part of the city of Philadelphia known as the Neck. Plea, not guilty.

On the trial, before ELCOCK, J., both parties claimed title under Abraham Wynkoop. The plaintiffs claimed as heirs-at-law, being children and grandchildren of Joseph P. Wynkoop, a son of Abraham Wynkoop, as hereinafter mentioned, and the defendants claimed by virtue of an agreement of lease, with alleged contract of sale, executed by the said Abraham Wynkoop in his lifetime, and subsequently carried into effect by his executors, under a decree of the Orphans' Court. The plaintiffs denied that they were bound by the said proceedings in the Orphans' Court and deed, and objected to their admission in evidence, because they were minors at the time, and were not made parties to said proceedings nor notified thereof. The court overruled the objection, admitted the deed and proceedings in evidence, and directed the jury to find a verdict for the

Hoffner *v.* Wynkoop.]

plaintiffs, reserving the question of law, whether the plaintiffs were concluded by the proceedings in the Orphans' Court.

The facts, in detail, were as follows: In 1849, Abraham Wynkoop and his sister Ann Wynkoop, being the owners in fee of the farm in question, leased it to William Horner, with the right to purchase the same during the term at the rate of $160 per acre. Ann Wynkoop soon afterwards died intestate, unmarried and without issue, whereby her title to the said premises became vested in her brother, the said Abraham Wynkoop, who died January 30th 1852, having by his will directed as follows: " To my wife Hannah Wynkoop, I leave and bequeath all my Real Estate and Personal Estate to have and hold during her natural life (if she remains my Widow), she may sell the dwelling-house No. 137 North Eleventh Street, if she think it for the best and the comfort of herself and her children. My proportion of the farm in the Neck may be sold if all can and do agree. My wife, sister Ann, Benjamin my son and Alfred my son, my daughter *Almira* Ann, Francis A. my son. As I have not much to leave, I do in Remembrance leave to my son, Benjamin Norman Wynkoop, 20 dollars, ditto to my son Alfred Washington Wynkoop 10 ditto. To my dear daughter Almira Ann Wynkoop, my silver watch, my desk and all that is in it, half of my silver spoons, &c. And I hope that her *Deare* Mother will be kind and affectionate to her and give her such Bed and Bedding and Clothing as will make our daughter Comfortable and happy. To my son Francis A. Wynkoop Ten Dollars, and now may the Blessing of our own Heavenly Father rest upon you all, Amen.

" I leave my son Benjamin N. Wynkoop my Executor, and my wife Hannah Wynkoop my Executrix."

Abraham Wynkoop had five children, to wit: Joseph P., who died during his father's lifetime, and Benjamin N., Almira Ann, Alfred and Francis A., who survived their father; the said Joseph P. Wynkoop left surviving him four children, to wit: George H., Benjamin J., Thomas P., and Hannah M., who married H. P. Garibedian; the said George H. Wynkoop died in 1876, leaving three children, to wit, Joseph, George and Kate S.; Thomas P. Wynkoop died in 1864, intestate, unmarried and without issue.

Hannah Wynkoop, widow of Abraham Wynkoop, survived him, and died in December 1878, intestate.

In 1852, William Horner assigned all his right, title and interest, in said lease, to George Hoffner, who, in January 1853, presented his petition to the Orphans' Court, praying for a decree of specific performance of the contract of sale contained in the lease. The court issued a citation to Hannah Wynkoop and Benjamin Wynkoop, executors of Abraham Wynkoop, deceased, and to Benjamin N., Almira A., Alfred W., and Francis A. Wynkoop, the children of Abraham Wynkoop named in his will. They joined in a return

[Hoffner *v.* Wynkoop.]

desiring that the contract might be carried into effect, whereupon the court entered a decree directing the executors, on payment of the purchase-money, to execute a deed to George Hoffner for the premises, which was done January 26th 1853. George Hoffner subsequently died in June 1871, having by his will, dated October 28th 1853, devised all his estate to his wife, the defendant Sarah Hoffner, under whom the defendant Isaac Farrell was in possession as tenant.

The plaintiffs brought this action of ejectment to December Term 1879, and a verdict for plaintiffs having been rendered in accordance with the direction of the court, subject to the point of law reserved, as above set forth, the court, after argument on a motion for a new trial and to enter judgment for defendants *non obstante veredicto*, dismissed the motion and entered judgment for the plaintiffs upon the point of law reserved.

The defendants thereupon took this writ of error, assigning for error the entry of judgment for plaintiffs.

*Charles Davis* and *Charles S. Pancoast* (*Lewis C. Cassidy* with them,) for the plaintiffs in error.—The proceedings in the Orphans' Court were in accordance with the provision of the Act of February 24th 1834, section 15 (Pamph. L. 75), and were entirely regular. Notice was given by citation to all the parties named in the will of Abraham Wynkoop as devisees. We submit that the testator intended to vest in those devisees his entire fee-simple in the premises, subject only to the widow's life-estate and to the right of the lessee or of the executors to enforce specifically the contract of sale. Why should the petitioner then travel outside to find who were the heirs of the testator—the children of his deceased son, Joseph P. Wynkoop, who were not mentioned in the will? Their claim is not under the will, but they claim that there is an intestacy as to the fee. Intestacy will never be presumed where the will may be fairly construed to carry the whole estate, and such an intention is clearly shown in this will in favor of the widow for life, and after her death in favor of his children by his second marriage whom he expressly names. No other objects of his bounty are mentioned in the will. Although there is no express devise to them of the fee, the power of sale given to his wife of the Eleventh street property, "if she thinks it best, and for the comfort of *herself and her children*"—in connection with the provision for the sale of the farm in question, if his wife and her children (naming them) "can and do agree" point clearly to the construction that the testator thought he had given, and intended to give, his entire estate in said premises to his wife and her children. In such case the parties so indicated take as if by express gift: 1 Redfield on Wills; Jarman on Wills, 5 Am. ed. (1880), p. 454, chap. 16 and 17 (note 1); McKeehan *v.* Wilson, 3 P. F.

[Hoffner *v.* Wynkoop.]

Smith 74; Jordan *v.* Fortesque, 10 Beav. 259; Farrer *v.* St. Cath. College, L. R., 16 Eq. 19; Hall *v.* Lietch, L. R., 9 Eq. 376; Crockett *v.* Crockett, 2 Phill. Ch. 553; Shovelton *v.* Shovelton, 32 Beav. 143.

The plaintiffs therefore inherited no estate in the premises from their ancestor Abraham Wynkoop; but if they did, they were concluded by the proceedings in the Orphans' Court, notwithstanding they were not named as parties therein. By the contract of sale in the lease the testator's estate was converted into personalty over which his personal representatives had absolute control. In such case notice of proceedings to enforce the contract, under the Act of 1834, need not be given to the heirs: West Hickory Mining Association *v.* Reed, 30 P. F. Smith 38; Thompson *v.* Adams, 5 Id. 479.

But even if the heir is entitled to notice under the act, the want of such notice does not entitle him to recover in ejectment from the purchaser, but only entitles him to a day in court to show, if he can, that the decree enforcing specific performance should not have been made. Otherwise the heir would defeat the purchaser's equitable as well as his legal title, and he would thus recover a larger estate than his ancestor died seised of: Sutter *v.* Ling, 1 Casey 466. The court should have entered judgment for the defendants *non obstante veredicto.*

*Benjamin P. Wrigley* (*William Hopple, Jr.,* with him,) for defendants in error.—The question reserved related solely to the effect of want of notice to the plaintiffs of the Orphans' Court proceedings. The question of construction of the will is here raised for the first time. During the thirty years which have elapsed since the testator's death, the children, the executors, and all parties interested have lived in an unquestioned construction of the will. There is nothing in the will which imports a devise of a fee or a conversion into personalty.

Under all the authorities, notice to the heirs is necessary upon the application by the *purchaser* for specific performance of the contract of a decedent, under the Act of 1834. Without such notice the proceeding is void as to the heirs: McKee *v.* McKee, 2 Harris 231; Anshutz's Appeal, 10 Casey 375; West Hickory Mining Association *v.* Reed, 30 P. F. Smith, 38–46; Horner & Roberts *v.* Hasbrouck, 5 Wright 169; Cadmus *v.* Jackson, 2 P. F. Smith 295. The cases cited by plaintiff in error were either cases of sale for payments of debts, or where there had been a conversion by contract of sale in the vendor's lifetime. There was no conversion here, the alleged contract of sale being a mere personal "privilege" to William Horner which he never elected to accept and which was not assignable. Hoffner was not a tenant under the term granted to Horner, by virtue of the assignment from

[Hoffner *v.* Wynkoop.]

Horner, but on the acceptance of rent from him by the heirs of Horner's lessor, he became tenant from year to year. There was therefore no privity of contract between Hoffner and the heirs of Abraham Wynkoop, deceased, at the time of the Orphans' Court proceeding, and the title to Hoffner thereunder is of no more effect against us than would be a deed to Hoffner from some of the heirs of Abraham Wynkoop in which we had not joined.

Mr. Justice TRUNKEY delivered the opinion of the court, February 7th 1881.

Title to the land was vested in Abraham Wynkoop. He leased to William Horner for the term of five years from March 1st 1849, and gave him the privilege of purchasing on certain terms, at any time before the expiration of the lease. Horner assigned to George Hoffner, upon whose petition the Orphans' Court decreed specific performance of the contract for sale. Verdict was rendered for plaintiffs, subject to the opinion of the court on the point of law reserved, " whether the plaintiffs are concluded by the proceedings in the Orphans' Court, they not being made parties, or having notice of the said proceedings."

In strictness, the reservation assumes that the plaintiffs are entitled to recover, unless barred by said decree; yet the defendants now urge, what they did not in the court below, namely, that the plaintiffs have no interest in the land because it was devised to other persons by Abraham Wynkoop. If this be so, their claim is groundless, and it is clear that they were not entitled to notice, nor can they question said decree. Abraham Wynkoop's will is plain. He gives the use of his real and personal estate to his wife, and small legacies to his children, who were living at its date. His grandchildren, the plaintiffs, whose father died before the making of the will, are not mentioned. He made no disposition of his property which would remain after the life use, and payment of the specific legacies. There is not a word to indicate a residuary legatee; nor does he name any persons who shall be his heirs or next of kin. The giving of specific legacies to designated persons neither makes them residuary legatees nor vests in them the right to take the whole estate as heirs. With less reason can such act be deemed evidence of an intendment to disinherit any one entitled to take as an heir-at-law. The testator provided that part of his real estate might be converted, in the discretion of his widow, and another part upon agreement of his widow, sister and children, whom he named; but was silent as to its disposition whether converted or not. It is impossible to hold that he intended to dispose of the remainder of his estate, for there is no expression from which such intent may be inferred. It therefore passes under the intestate law.

Section 15 of the Act of 1834, Pamph. L. 75, provides, that

[Hoffner v. Wynkoop.]

where a decedent had bound himself in his lifetime to sell and convey real estate, and had made no sufficient provision for the performance of his contract, his executors or administrators, or the purchaser, or other person interested in such contract, may apply, by bill or petition, to the Orphans' Court, "and after due notice of such bill or petition, to the purchaser, or to the executors or administrators and heirs of the decedent or devisees of such estate, as the case may require, to appear in such court on a day certain, and answer such bill or petition;" and if the case be sufficient in equity, said court may decree specific performance of the contract. In West Hickory Mining Association v. Reed, 30 P. F. Smith 38, it was decided that where the application is by the executors or administrators of a vendor, notice to his heirs or devisees is unnecessary. Prior to that ruling, it was often thought that notice in all cases was necessary to be given to the heirs or devisees, in order that the decree be conclusive against them. This was recognised in the opinion by remarking that, "while there are enough of dicta in the authorities to inspire some doubt, it is believed that the construction which the language of the statute contains is not inconsistent with any definitive judgment of this court." After noting the plain and obvious sense of the words of the statute, it was said: "Three alternative directions are given, one of which is to be pursued as the facts of a particular case shall make it requisite and appropriate. In the first instance, purchasers; in the second, executors or administrators and heirs of a decedent, and in the third executors or administrators of a decedent, and the devisees of the estate are entitled to notice."

It had not been doubted that when a purchaser applied, notice to the heirs or devisees of the real estate was requisite as well as notice to the executors or administrators. Such is the express direction of the statute. The dicta were, that heirs or devisees of the vendor should be notified, even when his personal representatives applied; and the dicta were inspired by more than a doubt as to necessity of notice to them for a final decree. Why the statute demands notice to heirs or devisees when the purchaser petitions, and dispenses with it when the personal representative petitions, would be useless to discuss. The distinction is probably for wise reasons.

The defence rested on the decree of the Orphans' Court. As respects the plaintiffs that decree is a nullity, because of the facts stated in the reserved point.

Judgment affirmed.